[No. 38583. Department Two. March 16, 1967.]

WALDO E. JOHNSON *et al., Appellants,* v. PHOENIX ASSURANCE COMPANY OF NEW YORK, *Respondent.*\*

\*Reported 425 P.2d 1.

*Casey & Pruzan,* by *Martin Godsil,* for appellants.

*Clarke, Clarke, Albertson & Bovingdon,* for respondent.

BARNETT, J.†—The plaintiffs (appellants before this court) sued upon an insurance policy for damages to their house. This appeal is from a summary judgment dismissing plaintiffs' suit with prejudice because it was not brought within the time limit for commencement of actions on the policy.

The facts are direct and simple. On November 20, 1963, a windstorm caused a tree to fall on and damage the plaintiffs' house. Plaintiffs claimed that the insurance policy they carried with defendant insurer covered such damage. The defendant-insurer denied liability on January 6, 1964. The complaint was filed by the plaintiffs on December 11, 1964, a year and 21 days after the date of the loss. As an affirmative defense to the complaint, the defendant interposed the policy provision which bars liability if suit is not commenced within 12 months after the loss.

The primary question presented by this appeal is whether the insurance policy limitation of action provision is in conflict with RCW 48.18.200, which prohibits an insurance policy provision from limiting the right of action against the insurer to a period of less than one year from the loss. If there is a conflict, the policy provision would be void under the statute.

The pertinent part of RCW 48.18.200 is as follows:

> Limiting actions, jurisdiction. (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
>
> . . . .
>
> (c) limiting right of action against the insurer to a period of less than one year from the time when the

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In contracts of property insurance, or of marine and transportation insurance, such limitation shall not be to a period of less than one year from the date of the loss.

(2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

The insurance policy provides:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The plaintiffs contend that grammatically and logically a limitation provision which requires suit to be commenced "within" a year means that the suit must necessarily be commenced in "less than" a year, therefore, the limitation provision in the policy violates the statute, and as a consequence is void. In support of this argument, the plaintiffs cite cases from Texas which have construed a statute similar to RCW 48.18.200. The rule expressed in those cases is that a limitation provision which requires commencement of action "within" a stated statutory period was less than the statutory time period.

There is a decided split in authority on this question with several jurisdictions holding contrary to the construction of the Texas statute. The same semantical argument now urged by the plaintiffs was made in *Schlitz v. Lowell Mutual Fire Ins. Co.*, 96 Vt. 334, 336, 119 Atl. 516 (1923), and it was rejected. The Vermont court said:

Whether the limitation clause before us conflicts with our statute depends, as the plaintiff says, upon the meaning of the word "within." While he argues with much plausibility that "within" twelve months is necessarily "less than" twelve months, we cannot adopt this view. This law was enacted to prohibit certain insurance companies doing business in this State from inserting in policies issued or delivered in this State a provision that an

action thereon could not be maintained unless it was instituted before the expiration of six or ten months, or of any period less than twelve months. The provision in this policy does not fix the limit at less than twelve months, but precisely at twelve months. Under it the plaintiff had twelve months in which to bring suit.

In *Tellip v. Home Life Ins. Co. of America*, 152 Pa. Super. 147, 31 A.2d 364, 365 (1943) it was stated: "In its relation to the time when an action may be brought, 'within two years' is not 'less than two years.' "

■ We are not persuaded that the policy provision violates the mandate of the statute. The quoted limitation provision of the insurance policy by its terms permits an entire year for bringing or commencing an action on the policy. One day less than a year would be contrary to the statute, but having an entire year to commence an action under the policy is in conformance with RCW 48.18.200, therefore, the limitation provision in question is valid.

■ The plaintiffs argue what has been called the "delayed commencement" doctrine for the first time in their reply brief and for that reason it will not be considered in this appeal. Rule on Appeal 41, RCW vol. 0; *Washington Fish & Oyster Co. v. G. P. Halferty & Co.*, 44 Wn.2d 646, 269 P.2d 806 (1954).

Having decided that the limitation provision is valid, we affirm the summary judgment dismissing plaintiffs' suit.

FINLEY, C. J., DONWORTH, ROSELLINI, and HAMILTON, JJ., concur.