[No. 4260–II.   Division Two.   December 9, 1980.]

AUTOMOBILE CLUB OF WASHINGTON, *Appellant,* v. THE DEPARTMENT OF REVENUE, *Respondent.*

*Michael D. Young,* for appellant.

*Slade Gorton, Attorney General,* and *Karen Elledge, Assistant,* for respondent.

REED, C.J.—Plaintiff Automobile Club of Washington (Auto Club) appeals an order dismissing its action for a refund of business and occupation taxes assessed on dues received by the Auto Club. We affirm.

The Auto Club is a nonprofit organization formed in the early 1900's to promote and facilitate the use and ownership of automobiles. In furtherance of its purpose, the Auto Club offers activities in three general categories: (1) those of a civic nature that benefit both members and nonmembers (*e.g.,* safety programs, dissemination of traffic conditions); (2) services to members for which a charge might be made if supplied by a business operated for profit (*e.g.,* emergency road service, bail certificates); and (3) services provided to members for which others would not customarily charge (*e.g.,* travel information). Members pay a one-time enrollment fee and annual dues. The total dues paid by a member are not affected by the quantum of services that a member receives.

Prior to 1971, the Auto Club was allowed a deduction from its business and occupation taxes under RCW 82.04-.430(2) for dues received. RCW 82.04.430(2), as then enacted, allowed such a deduction for bona fide dues unless

the dues were "for, or graduated upon, the amount of service rendered by the recipient thereof".[1] In 1971 the Department of Revenue (Department) changed its policy and refused to allow the Auto Club a deduction for dues received, claiming that the dues were related to services rendered by the Auto Club. The Auto Club paid its taxes for the years 1971–77 under protest and, after exhausting its administrative remedies, brought this suit for a refund. The trial court, relying on *Group Health Coop. v. State Tax Comm'n,* 72 Wn.2d 422, 433 P.2d 201 (1967), found for the Department, and the Auto Club has appealed.

The Auto Club contends on appeal that the trial court erroneously interpreted RCW 82.04.430(2). In contesting the trial court's interpretation, the Auto Club claims that because the dues charged to Auto Club members did not vary depending on the amount of service each member

---

[1] RCW 82.04.430 (currently codified as RCW 82.04.4281 *et seq.*) is a list of deductions allowed from the business and occupation tax. Subsection 2, as enacted at the time this case was decided, stated the following amounts were deductible:

(2) Amounts derived from bona fide initiation fees, dues, contributions, donations, tuition fees, charges made for operation of privately operated kindergartens, and endowment funds. This paragraph shall not be construed to exempt any person, association, or society from tax liability upon selling tangible personal property or upon providing facilities or services for which a special charge is made to members or others. Dues which are for, or graduated upon, the amount of service rendered by the recipient thereof are not permitted as a deduction hereunder;

Since the trial court's decision, the third sentence of RCW 82.04.430(2) has been amended and now states:

If dues are in exchange for any significant amount of goods or services rendered by the recipient thereof to members without any additional charge to the member, or if the dues are graduated upon the amount of goods or services rendered, the value of such goods or services shall not be considered as a deduction hereunder.

(Recodified as RCW 82.04.4282.) The effect of the amendment on this case has not been briefed by the parties and thus need not form the basis of our decision. RAP 12.1. Further, because no official legislative history on the amendment exists, it is unclear whether the amendment changes RCW 82.04.430(2) or merely clarifies it. *Compare Home Indem. Co. v. McClellan Motors, Inc.,* 77 Wn.2d 1, 459 P.2d 389 (1969) *with Bowen v. Statewide City Employees Retirement Sys.,* 72 Wn.2d 397, 433 P.2d 150 (1967). Consequently, we derive nothing from the amendment.

received, the dues are not "for . . . the amount of service rendered" and thus are properly deductible. The trial court's interpretation, the Auto Club argues, effectively eliminates the words "amount of" from the statute. The Auto Club also contends that under rules of statutory construction the legislature had "silently acquiesced" in the Department's pre–1971 interpretation of RCW 82.04–.430(2).[2]

The crux of the Auto Club's position is that "amount of service rendered" refers to the amount of services *each* member receives, not the aggregate amount of services rendered by the Auto Club. This argument, however, was rejected in *Group Health Coop. v. State Tax Comm'n, supra,* a case also interpreting RCW 82.04.430(2). *Group Health* involved the issue of whether "medical dues" received by Group Health were deductible. In holding that the dues were not deductible under RCW 82.04.430(2), our Supreme Court stated:

> The fact that respondent may choose to call the monthly payments "dues," or *the fact that by the very nature of its operation some members receive more services than others,* does not change the underlying fact that the totality of its services to its membership over a given period of time is financially geared to the aggregate of the monthly fees received or anticipated for operational expenses over a given period of time.

(Italics ours.) *Group Health Coop. v. State Tax Comm'n, supra* at 434. Consequently, the determining factor in deciding whether dues are "for . . . the amount of service rendered" is whether a correlation exists between the *totality* of services and the *aggregate* of dues received.

The Auto Club attempts to distinguish *Group Health* on two grounds. First, Group Health members, unlike the Auto Club, were classified depending on age, sex, and

---

[2]The Auto Club also alleges that the Department enforced RCW 82.04.430(2) in a discriminatory fashion. Because it supports this argument for the first time in its reply brief, we need not consider it. *Johnson v. Phoenix Assurance Co.,* 70 Wn.2d 726, 425 P.2d 1 (1967).

nature of coverage, with dues varying depending on the classification, indicating a graduation between dues and the quantum of services rendered to individuals. While *Group Health* did involve such a graduation of dues, the Supreme Court's opinion recognized that fact only as additional support for its holding; the graduation of dues was not essential to its holding that what is determinative is the correlation of the totality of services to the aggregate of dues received. *Group Health Coop. v. State Tax Comm'n, supra*. Second, the Auto Club claims that dues constituted virtually 100 percent of Group Health's revenue, whereas the Auto Club derives approximately 25 percent of its revenue from nondues income. We need not decide whether this is a distinction with a difference, however, as a close reading of *Group Health* indicates that Group Health, like the Auto Club, had significant nondues income. *Group Health Coop. v. State Tax Comm'n, supra* at 424.

Our analysis, then, is limited to whether the evidence supports the trial court's conclusion that "the totality of the services provided by the Club is geared financially to the aggregate of the dues." Although the Auto Club, based upon stipulated income and expense figures, claims that no such correlation exists, the evidence establishes that dues accounted for 75 percent of the Auto Club's total income. The cost of providing services and general administrative expenses accounted for approximately 82 percent of the Auto Club's expenses. The fact that some of the services benefited members only indirectly does not change the analysis. *Red Cedar Shingle Bureau v. State*, 62 Wn.2d 341, 382 P.2d 503 (1963). The Auto Club has increased dues three times since 1959 and in publications has justified the increase because of increased costs of services. Consequently, evidence exists of a correlation between the total services provided and the aggregate dues received.

■ The Auto Club also argues that because the legislature amended parts of RCW 82.04.430(2) in 1965 (when the Auto Club was allowed the deduction) but left the language

at issue in this case intact, the legislature "silently acquiesced" in the interpretation then given to the statute by the Department. *State ex rel. Pirak v. Schoettler,* 45 Wn.2d 367, 274 P.2d 852 (1954).[3] We recognize the validity of cases holding that the administrative interpretation of an ambiguous statute is entitled to considerable weight in determining what the legislature intended. However, such an administrative interpretation is not determinative. The paramount consideration is that the statute be interpreted consistently with the underlying policy of the statute. *Komm v. Department of Social & Health Servs.,* 23 Wn. App. 593, 600 n.5, 597 P.2d 1372, 1376 (1979).

■■ We are satisfied that by following *Group Health* we are interpreting RCW 82.04.430(2) consistently with the policy of Washington's business and occupation tax. That tax is designed to reach virtually all business activities carried on within the state. *Time Oil Co. v. State,* 79 Wn.2d 143, 483 P.2d 628 (1971). The purpose of the dues deduction is to exempt from taxation only revenue exacted for the privilege of membership. *See* WAC 458-20-114. Further, where ambiguous, statutes allowing deductions from a tax are to be construed strictly against the taxpayer. *Group Health Coop. v. State Tax Comm'n, supra.* Accordingly, the broad scope of the business and occupation tax, when combined with a narrow construction of deductions, supports our holding.

Finally, as the trial court noted in its memorandum opinion, it is quite likely that a portion of dues received by the Auto Club covers expenses incident to providing the privilege of membership and are thus deductible. The Auto Club, however, has made no attempt to segregate these expenses. Absent such a segregation, the Department may

---

[3]Conceivably, the legislature "silently acquiesced" only from 1965 to 1967, when *Group Health Coop. v. State Tax Comm'n,* 72 Wn.2d 422, 433 P.2d 201 (1967), was decided. Because the legislature is presumed to be aware of judicial decisions, it is quite plausible the legislature, agreeing with *Group Health,* at that point saw no need to amend the statute. *See Buchanan v. International Bhd. of Teamsters,* 94 Wn.2d 508, 617 P.2d 1004 (1980).

presume that the entire amount is taxable. RCW 82.32.180; *Tidewater Terminal Co. v. State,* 60 Wn.2d 155, 372 P.2d 674 (1962).

The judgment is affirmed.

PETRIE and PETRICH, JJ., concur.