[No. 15218–1–I.   Division One.   December 23, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v.
ALFRED LOEHNER, *Appellant.*

SCHOLFIELD, A.C.J., concurs by separate opinion.

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater, Deputy,* for respondent.

WILLIAMS, J.—Alfred Loehner was charged by information with one count of second degree statutory rape, which was alleged to have been committed between June 1, 1982, and February 1, 1984. Two trials were held. The first jury deadlocked and a mistrial was declared. The second jury returned a guilty verdict. The trial court denied Loehner's

motion for a new trial and judgment and sentence were entered on July 20, 1984. He appeals.

At trial, the complaining witness, K. B., then age 13, testified that Loehner sexually abused her on five or six different occasions over a 21–month period. She also testified about two incidents involving Loehner with other children. In one K. B. and her friend saw Loehner smelling their dirty laundry. In the other K. B. saw Loehner sexually abuse the 1–year–old baby of a family friend.

■ The first issue is whether the trial court erred by not requiring the State to elect the incident upon which it was relying to convict or to require that the jury be unanimous as to the incident on which they found Loehner guilty. The rule is that:

> When the evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected. . . . The State may, in its discretion, elect the act upon which it will rely for conviction. Alternatively, if the jury is instructed that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, a unanimous verdict on one criminal act will be assured. When the State chooses not to elect, this jury instruction must be given to ensure the jury's understanding of the unanimity requirement.

*State v. Petrich,* 101 Wn.2d 566, 572, 683 P.2d 173 (1984); *State v. Workman,* 66 Wash. 292, 119 P. 751 (1911). Loehner was charged with a single count of second degree statutory rape, but the testimony at trial described several instances of the crime. The trial court erred because it did not require the State to elect which incident it was relying on, and it did not instruct the jury that it had to be unanimous as to which incident was the basis for liability. Such error is harmless only if a rational trier of fact could have found each incident proved beyond a reasonable doubt. *Petrich,* at 573; *State v. Gitchel,* 41 Wn. App. 820, 823, 706 P.2d 1091 (1985). In this case the error was harmless because the victim described the first episode in detail, the

subsequent instances of rape being reported without objection as "he did the same thing" and "same stuff." Therefore, if the jury believed the evidence of the first rape, no rational trier of fact could have entertained a reasonable doubt as to the later ones because those were dependent upon the description of the first one. If the rational trier of fact entertained a reasonable doubt as to the episode described in detail, of necessity the rational trier of fact would have a reasonable doubt as to the subsequent ones, also.

The second issue is whether the trial court erred in admitting testimony by the victim concerning Loehner's alleged sexual abuse of other children. First, Loehner objects to the admission of evidence of the "laundry sniffing" incident. Although defense counsel brought a motion in limine to exclude this testimony, he did not give reasons in support. An objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review. *State v. Guloy,* 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). Second, Loehner argues that the trial court erred in admitting evidence concerning his alleged abuse of the 1–year–old baby. This argument was also not properly preserved for appeal. The evidence was not specified in the motion in limine, it was not objected to at trial, there was no motion to strike, and a curative instruction was not requested. *See State v. Gallo,* 20 Wn. App. 717, 728, 582 P.2d 558 (1978).

The judgment is affirmed.

WEBSTER, J., concurs.

SCHOLFIELD, A.C.J. (concurring)—On the particular facts of this case, I agree that the trial court's failure to instruct on the necessity for unanimous jury agreement on the act relied upon to convict was harmless error.

I point out, however, that the majority opinion states a test for harmless error which, in my view, is incorrect. The opinion states that "[s]uch error is harmless only if a

rational trier of fact could have found each incident proved beyond a reasonable doubt." Majority opinion, at 409. It is the use of the word "could" that makes the test incorrect as stated. To say that the error is harmless if the jury *could* have found each incident proved beyond a reasonable doubt is meaningless because it requires nothing more than that there be sufficient evidence to get the issue before the jury in the first place. It is the fact that the jury *could* find each incident to constitute a crime that creates the need for the unanimity instruction.

In a case involving several acts, each of which *could* be found to constitute the commission of a crime, the test for harmless error is that the error is not harmless if a rational trier of fact could have a reasonable doubt as to whether each incident established the crime beyond a reasonable doubt. If the jury could not have a reasonable doubt about any of the incidents, then it would be immaterial that the jury may not have agreed unanimously on a single incident relied upon for conviction. The correct test is applied in *State v. Gitchel,* 41 Wn. App. 820, 823, 706 P.2d 1091 (1985) and *State v. Fitzgerald,* 39 Wn. App. 652, 656, 694 P.2d 1117 (1985). In both cases, the failure to instruct was prejudicial because "a rational trier of fact could have entertained a reasonable doubt as to one or more of the incidents of abuse." *Fitzgerald,* at 656.

The majority opinion cites *State v. Petrich,* 101 Wn.2d 566, 573, 683 P.2d 173 (1984) as authority for its statement of the test. The statement in *Petrich,* however, is dicta, that is, unnecessary to the decision of the court in that case. *Petrich* cited as authority *State v. Franco,* 96 Wn.2d 816, 639 P.2d 1320 (1982), where the test is stated on page 823. *Franco,* however, involved *alternative means* of committing a single offense. In alternative means cases, unanimity as to the means is not required. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976). The statement of the test for harmless error cited in the majority opinion is the correct test in cases involving alternative means of committing a single offense. It has no application or relevancy to a case

involving several acts, each of which could be found to be the commission of a crime. I concur, however, in the result reached by the majority opinion, and except for the foregoing, I concur in the reasoning leading to that result.

Review denied by Supreme Court February 21, 1986.