[No. 14872-9-I.  Division One.  December 23, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE A. F. HANDYSIDE, *Appellant.*

*John R. Christiansen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Raymond McFarland, Deputy,* for respondent.

SCHOLFIELD, A.C.J.—Lawrence Handyside appeals his convictions for statutory rape in the first degree and indecent liberties, contending that he was denied due process of law and equal protection of the laws because the State failed to charge him with the specific crimes of incest in the first degree and incest in the second degree. At oral argument, Handyside presented the additional issue of jury unanimity. Permission was granted to file supplemental briefs on that issue. We affirm the conviction for statutory rape and reverse the conviction for indecent liberties.

### FACTS

The State charged Handyside with statutory rape in the first degree of Michelle, age 10, and with indecent liberties upon Christine, age 8. The relationship of Handyside to the victims is "step–grandfather". From 1960 until 1969, and again from May 1983 until September 1983, Handyside was married to the victims' natural grandmother. The couple was not married during 1982, the time of the alleged offenses, but they continued to reside together during the period of the divorce, except for a short time in 1970. The victims know Handyside as their grandfather. Michelle testified that Handyside tickled the area "where I go to the bathroom" with his mouth one time. She also testified that Handyside touched her in that same area "lots of times".

Michelle also testified that she observed Handyside on one occasion touching her sister, Christine, "in the leg with his finger inside [on t]he lower part [of her body] inside [her dress]." Christine testified that Handyside "play[ed] with my private spot . . . [r]ight around where you go to the bathroom", "[w]ith his finger", "a lot of times". Christine also testified that Handyside wanted her to touch his "private area" with her finger, which she did.

## THE INCEST ISSUE

Handyside contends that he should have been prosecuted for incest instead of statutory rape and indecent liberties because the State is not permitted to charge under general statutes if the defendant's conduct is also chargeable under a special statute (*i.e.*, incest) and the statutes are concurrent. Handyside cites *State v. Shriner*, 101 Wn.2d 576, 681 P.2d 237 (1984) in support of his argument.

We do not reach the general versus specific issue because the relationship of stepgrandchild is not included in the relationships to which the incest statute applies.

RCW 9A.64.020 describes the relationships for which sexual conduct is forbidden as follows:

(1) . . . a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood.

. . .

(3) As used in this section, "descendant" includes stepchildren and adopted children under eighteen years of age.

■■ The statute makes no reference to any "step" relationships, other than stepparent to a stepchild. As a general rule of statutory construction, criminal statutes are to be strictly construed. *State v. Shipp*, 93 Wn.2d 510, 515, 610 P.2d 1322 (1980). To include the relationship of stepgrandparent and stepgrandchild in the incest statute would write a term into the statute not included by the Legislature. This we cannot do. Since Handyside could not have been charged under the incest statute, he was properly

charged with statutory rape and indecent liberties.

## JURY UNANIMITY

■ The trial court did not give an instruction requiring the jury to be unanimous on the incident or incidents of sexual misconduct it relied upon for conviction. The defendant did not request such an instruction. This court has held, however, that the right to a unanimous verdict is derived from the fundamental constitutional right to a trial by jury and thus may be raised for the first time on appeal. *State v. Fitzgerald,* 39 Wn. App. 652, 655, 694 P.2d 1117 (1985); *State v. Russell,* 101 Wn.2d 349, 678 P.2d 332 (1984).

■ When the State introduces evidence of more than one act of criminal misconduct which could be found beyond a reasonable doubt to support conviction for the crime charged, the State can be required to elect which incident it relies upon as proof of guilt, or, in the alternative, the jury must be instructed that its vote must be unanimous on the one or more incidents it relies upon in finding guilt. *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984); *State v. Fitzgerald, supra.* Applying this rule protects against a conviction where some jurors relied on one incident and some another, and there is no unanimity on all elements necessary for a valid conviction.

Handyside was charged in count 1 with statutory rape in the first degree, RCW 9A.44.070, which required proof of "sexual intercourse"[1] with Michelle, who was under the age of 11.

The only evidence of "sexual intercourse" between Handyside and Michelle was testified to by Michelle, and she described only one occasion in which Handyside

---

[1]RCW 9A.44.010 defines "sexual intercourse":

"(1) 'Sexual intercourse' (a) has its ordinary meaning and occurs upon any penetration, however slight, and

". . .

"(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex."

touched her vaginal area with his mouth. There was no other evidence of incidents of sexual intercourse between Handyside and Michelle. Although Michelle referred to other incidents of sexual contact, none of these described an act of "sexual intercourse". It follows that, with respect to count 1, the failure to instruct on jury unanimity was not error because there was only one incident described in the evidence which the jury could have found beyond a reasonable doubt to amount to sexual intercourse. In finding the defendant guilty, the jury must have relied upon Michelle's description of that single incident.

## INDECENT LIBERTIES

The evidence offered in support of count 3, the charge of indecent liberties with Christine, consisted of proof of three separate incidents. (1) Michelle testified that she observed Handyside touch her sister "in the leg with his finger inside [on t]he lower part [of her body] inside [her dress]." (2) Christine testified that Handyside "play[ed] with my private spot . . . [r]ight around where you go to the bathroom", "[w]ith his finger", "a lot of times". (3) Christine also testified that Handyside wanted her to touch his "private area" with her finger, which she did. The proof in respect to each incident was sufficient that a rational juror could rely upon it for a conviction. There is no basis in the evidence for concluding, however, that a rational juror could not have had reasonable doubts about the adequacy of the proof in support of one or more of the three incidents. Under these circumstances, the failure to instruct the jury on the requirement of unanimity on the incident relied upon for conviction was reversible error. *State v. Fitzgerald, supra; State v. Gitchel*, 41 Wn. App. 820, 706 P.2d 1091 (1985).

The State, in its supplemental brief on the jury unanimity issue, concedes that prejudicial error was committed by the trial court in failing to instruct on jury unanimity in connection with the indecent liberties count.

### BILL OF PARTICULARS

In his supplemental brief, Handyside contends that his pretrial motion for a bill of particulars should have been granted and that he was prejudiced in his defense by the denial of that motion. However, Handyside did not raise this contention in his original brief on appeal. His motion seeking leave to file a supplemental brief raised only the jury unanimity issue. His argument relative to the bill of particulars is not properly before this court and will not be considered further.

Handyside's conviction for statutory rape in the first degree is affirmed. His conviction for indecent liberties is reversed, and this case is remanded for a new trial on that count.

SWANSON and RINGOLD, JJ., concur.