[No. 51719-3. En Banc. January 23, 1986.]

SANDRA L. CONNER, ET AL, *Respondents,* v. UNIVERSAL UTILITIES, *Petitioner.*

*Parker, Johnson & Parker,* by *Jon C. Parker,* for petitioner.

*Paul L. Stritmatter* (of *Stritmatter, Kessler & McCauley*), for respondents.

DURHAM, J.—Universal Utilities appeals from a Court of Appeals decision reinstating a default judgment against it. We hold that due process does not require notice to a defendant in a personal injury action of a damages hearing before the entry of a default judgment.

On September 19, 1981, at approximately 12:30 a.m., Sandra L. Conner was driving her car on Michigan Street in the city of Aberdeen. Universal Utilities had excavated the width of Michigan Street as part of a sewer construction project pursuant to a contract with the city. According to the Conners, the excavation was unmarked and 9 to 12 inches deep. Mrs. Conner drove into the excavation. Her lower lip and chin were severely cut and her car was dam-

aged.

Mrs. Conner and her husband brought an action against Universal Utilities in Grays Harbor County Superior Court, praying for monetary damages for personal injuries in an amount to be proven at trial and for $1,500 in property damage. On December 14, 1981, the summons and complaint were served on Universal Utilities' registered agent. The papers were then delivered to Universal Utilities' in-house attorney. He neglected to pass the pleadings on to Universal Utilities' insurance company or to take any other action and the pleadings were misplaced. Universal Utilities did not appear or answer the Conners' complaint within the required time period.

Upon the Conners' motion, the court entered an order of default on January 8, 1982. On January 15, 1982, the judge who had entered the order of default held a hearing at which the Conners presented evidence to determine the amount of damages. No notice was given to Universal of this hearing.

On January 20, 1982, the judge entered findings of fact, conclusions of law and judgment for the Conners. He concluded that the Conners had incurred reasonable medical expenses of $729.23, loss of income of $217.84, property damage of $1,500, and that Mrs. Conner had incurred pain and suffering, disability in the past, permanent disfigurement and loss of enjoyment of life in the amount of $23,000. The court entered a default judgment against Universal Utilities for a total of $25,124.50, including costs and statutory attorney fees.

On February 3, 1983, a writ of garnishment was issued against a bank account of Universal Utilities at the Seattle–First National Bank. A judgment against the garnishee was entered on March 2, 1983. On March 9, 1983, Universal Utilities entered a notice of appearance. Two days later, Universal Utilities filed a motion to vacate the default judgment. Universal Utilities argued the default judgment should be set aside because of alleged mistakes, excusable neglect, irregularity in obtaining the judgment, and inequi-

ties, relying on CR 60(b)(1), (4) and (11). On April 29, 1983, the motion was granted and an order entered vacating the default judgment.

The Conners appealed to the Court of Appeals from this order. The Court of Appeals reversed the trial court and reinstated the vacated default judgment, holding that Universal Utilities' motion to vacate pursuant to CR 60(b)(1) had not been timely and that its arguments for vacating the motion pursuant to CR 60(b)(4) and (b)(11) were untenable. Universal Utilities filed a motion for reconsideration in which it raised for the first time the argument that the lack of notice of the damages hearing was a denial of due process. The motion was denied.

Universal Utilities petitioned this court for review. We granted the petition solely on the issue of whether due process requires notice to a defaulting defendant of a damages hearing before entry of a default judgment.[1]

The Conners contend that the due process issue should not be addressed because Universal Utilities did not raise it at trial or in the Court of Appeals until its motion for reconsideration. RAP 2.5(a), however, provides that a party may raise a claim of "manifest error affecting a constitutional right" for the first time in the appellate court. It is consistent with RAP 2.5(a) for a party to raise the issue of denial of procedural due process in a civil case at the appellate level for the first time. *Esmieu v. Schrag,* 88 Wn.2d 490, 497, 563 P.2d 203 (1977). This court, therefore, may consider the due process issue.

RCW 4.28.360 provides that a complaint in an action for personal injuries "shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined." It also permits a defendant in a personal injury action to request a statement from the plaintiff of the amounts of special and general damages sought.

---

[1]While we agree with the Court of Appeals that the trial court erred in vacating the default judgment pursuant to CR 60(b), our reinstatement of the judgment rests on other grounds.

Although the Legislature's purpose in enacting RCW 4.28-.360 is unclear, possible reasons for such a provision are "to eliminate unnecessary friction caused between the medical and legal professions by claims for 'astronomical damages" and to prevent the adverse effects of the publication of suits against doctors for large sums. *McNeal v. Allen,* 95 Wn.2d 265, 268, 621 P.2d 1285 (1980).

When the amount of a claim is uncertain, the court may conduct hearings to determine the amount of damages before entering a default judgment. CR 55(b)(2). No rule or statute requires notice to a defaulting defendant of such a damages hearing. In general, once a defendant has been adjudged to be in default, he is not entitled to notice of subsequent proceedings. *Pedersen v. Klinkert,* 56 Wn.2d 313, 320, 352 P.2d 1025 (1960). RCW 4.28.210 provides that when a defendant has failed to appear "service of notice or papers in the ordinary proceedings in an action need not be made upon him."

Universal Utilities argues that in a personal injury action where a complaint complies with RCW 4.28.360 by not including the amount of damages sought, a defaulting defendant is denied due process unless he is given notice of the time and place of the hearing to determine damages. Universal Utilities contends that without such information, the defendant never receives notice of the amount of damages sought or the opportunity to be heard.

██ Generally, due process allows entry of a default judgment without further notice to a properly served defendant because the complaint provides him with sufficient notice to make an intelligent decision to appear or default. *R.R. Gable, Inc. v. Burrows,* 32 Wn. App. 749, 753, 649 P.2d 177 (1982), *cert. denied,* 461 U.S. 957 (1983). The defendant may choose to allow the entry of a default judgment secure in the knowledge that the judgment cannot exceed the demand in the complaint. *Gable,* at 753 (citing *Sheldon v. Sheldon,* 47 Wn.2d 699, 289 P.2d 335 (1955)). CR 54(c) provides, "A judgment by default shall not be different in kind from or exceed in amount that prayed for

in the demand for judgment." A defendant has a due process right to assume that a default judgment will not exceed or substantially differ from the demand stated in the complaint. *State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950); *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.,* 36 Wn. App. 280, 282, 673 P.2d 634 (1983). If the court awards relief that is other than or additional to what was requested in the complaint, the defaulting defendant is denied due process unless he is given notice and an opportunity to be heard. *Adams,* at 872; *Allison,* at 282.

Universal Utilities argues that the judgment entered in favor of the Conners exceeded or differed from the amount they prayed for in their complaint. However, the damages awarded in a personal injury action do not exceed or differ from the statement in the complaint merely because the plaintiff complies with RCW 4.28.360 by not specifying the amount of damages in the complaint. The Conners properly prayed for monetary damages for personal injuries in an amount to be proven at trial, and that is precisely what they received. Thus, the judgment did not differ from or add to the relief they sought in their complaint. *See also Allison,* at 283–84. We, therefore, reject Universal Utilities' assertion that it was denied due process because the judgment exceeded the demand in the complaint.

Due process requires "notice reasonably calculated to apprise a party of the pending proceedings affecting him and an opportunity to present his objections before a competent tribunal." *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 87 Wn.2d 327, 335, 553 P.2d 442 (1976), *appeal dismissed,* 430 U.S. 952 (1977). The notice which Universal Utilities received meets this standard. The rules for notifying a defendant of the commencement of an action are clear. *See* CR 4. The Conners complied with these rules by properly serving a summons containing the required information. The summons clearly informed Universal Utilities that if it did not answer within 20 days, a default judgment could be entered without notice, and that

if Universal Utilities entered a notice of appearance, it would be entitled to notice before entry of a default judgment. Thus, Universal Utilities chose not to answer or appear, having been informed of the consequences. While the complaint did not state the amount the Conners claimed, it notified Universal Utilities that they sought damages for personal injuries in an amount to be proven at trial. This constituted reasonable notice to Universal Utilities that damages would be assessed against it in pending proceedings. Moreover, pursuant to RCW 4.28.360, Universal Utilities could have requested and received from the Conners a statement of the amount of damages sought. If RCW 4.28.360 creates other problems for defendants by excluding the amount of damages sought for personal injuries from a complaint, those problems are for the Legislature to solve, not this court. In any event, Universal Utilities conceded that the outcome of this case would have been the same even if the complaint had specified the amount of damages the Conners sought.

We conclude that proper service of the summons and complaint in a personal injury action provides a defendant with reasonable notice to inform him of future proceedings which may affect him. Due process does not require additional notice to a defaulting defendant of a damages hearing.

The reinstatement of the default judgment against Universal Utilities is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.