[No. 7627–6–II.   Division Two.   December 15, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES A. KITCHEN, *Appellant.*

*Fredrick G. Enslow* and *Griffin & Enslow, P.S.,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *John S. Bumford, Deputy,* for respondent.

PETRICH, J.—James Kitchen appeals from his conviction of statutory rape in the second degree. Among other claims of error he argues that, although the jury was instructed on the necessity of a unanimous agreement on guilt or innocence, it was not instructed that it must unanimously agree on the specific criminal act, of several acts testified to, that was proved beyond a reasonable doubt. He claims that the lack of such an instruction, or an election by the State of the specific act to be considered, denied him his right to a unanimous verdict. We reverse.

Kitchen was charged with one count of statutory rape in the second degree alleged to have occurred during the year 1981. The victim, Jane Doe,[1] born August of 1969, testified

---

[1] A pseudonym is used in this opinion to refer to the victim.

to a number of incidents of sexual intercourse with Kitchen that occurred between the fall of 1980 and Christmas 1981. A nurse–practitioner testified, over defense objection, that she discovered in a 1983 physical examination that Jane's hymen was broken. The jury convicted Kitchen on the one count.

■ In his reply brief, Kitchen raises for the first time the issue of jury unanimity presented in *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984). Generally, issues raised for the first time in a reply brief will not be considered on appeal. *Johnson v. Phoenix Assur. Co.*, 70 Wn.2d 726, 729, 425 P.2d 1 (1967); *Automobile Club v. Department of Rev.*, 27 Wn. App. 781, 784 n.2, 621 P.2d 760 (1980). However, manifest error affecting a constitutional right may be properly raised as late as a motion for reconsideration from a Court of Appeals decision. *Conner v. Universal Utils.*, 105 Wn.2d 168, 171, 712 P.2d 849 (1986).

■■ Our Supreme Court, in ruling that an appellant may raise for the first time on appeal the issue of failure to instruct on the need for a unanimous verdict on the underlying crimes of rape and kidnapping supporting aggravated murder, said:

> An appellate court will consider error raised for the first time on appeal when the giving or failure to give an instruction invades a fundamental constitutional right of the accused, such as the right to a jury trial.

(Citations omitted.) *State v. Green*, 94 Wn.2d 216, 231, 616 P.2d 628 (1980). *See also State v. Russell*, 101 Wn.2d 349, 354, 678 P.2d 332 (1984). In the case before us, we are not dealing with the need for unanimity in the verdict on an underlying crime to support the degree of the charged offense but with the verdict on the offense of which the defendant stands accused. Because the *Petrich* holding rests on the constitutional right to a jury trial, the issue is properly before this court.[2]

---

[2]Although the court in *Petrich* dwelt, at some length, on the issue of whether the appellant there had properly preserved for review the failure to instruct the

In order to protect the right to a unanimous verdict, the jury must be instructed that all jurors must agree that the same criminal act has been proved beyond a reasonable doubt when the evidence indicates that several distinct criminal acts have been committed, but the defendant is charged with only one count of criminal conduct. *State v. Petrich,* 101 Wn.2d at 572. Alternatively, the State may elect the act upon which it will rely for conviction. The failure to elect or give a clarifying instruction generally has required a reversal and remand because the error was not harmless. *See, e.g., State v. Fitzgerald,* 39 Wn. App. 652, 656, 694 P.2d 1117 (1985); *State v. Gitchel,* 41 Wn. App. 820, 822–23, 706 P.2d 1091, *review denied,* 105 Wn.2d 1003 (1985); *State v. Handyside,* 42 Wn. App. 412, 416, 711 P.2d 379 (1985).

In this case, the State did not elect which act of criminal intercourse it was relying on, nor did the court give a clarifying instruction to assure jury unanimity as to any one of the several criminal events presented to them. The court's instruction on the general requirement of unanimity provides no assurance that the jury agreed on any particular act or acts. *Cf. State v. Stephens,* 93 Wn.2d 186, 190, 607 P.2d 304 (1980) (instruction on general requirement of unanimity does not obviate the potential of a nonunanimous verdict when the jury is instructed in the disjunctive as to two possible victims in a single count of assault). Under the *Petrich* holding, the lack of an election or clarifying instruction amounts to constitutional error. The

jury on the necessity of a unanimous verdict, which was not challenged at trial, and the court ultimately concluded the issue was properly preserved because the trial court denied appellant's motion to direct the State to elect which of several offenses it was relying on for conviction, we do not interpret that opinion as signaling a retreat from the holdings in *State v. Green, supra,* and *State v. Russell, supra.* The court, in *Petrich* was dealing with the trial record before it and under those facts, reliance on *State v. Green, supra,* was unnecessary and would have been superfluous to the opinion. In the later case of *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407 (1986), the court considered the trial court's failure to instruct on the necessity of a unanimous verdict notwithstanding the fact that no exception was made below.

remaining question is whether the error was harmless.

A violation of a defendant's constitutional rights is presumed to be prejudicial. *State v. Burri*, 87 Wn.2d 175, 181, 550 P.2d 507 (1976). In a context similar to the one before us, our Supreme Court held that the lack of assurance of jury unanimity could be considered harmless only if the court is able to say that beyond all reasonable doubt the error was harmless. *State v. Stephens, supra.* The later case of *State v. Petrich*, without any reference to *State v. Stephens*, seemingly announced a new standard of harmless error in these kinds of cases in holding that "the error is harmless only if a rational trier of fact could have found each incident proved beyond a reasonable doubt." *State v. Petrich*, 101 Wn.2d at 573. *State v. Franco*, 96 Wn.2d 816, 639 P.2d 1320 (1982) was cited as authority for this proposition. However, *Franco* was announcing a sufficiency of the evidence standard to support alternate means of committing the offense of drunk driving, not a constitutional error standard. The *Petrich* holding in this regard has been characterized as dictum. *State v. Loehner*, 42 Wn. App. 408, 411, 711 P.2d 377 (1985) (Scholfield, J., concurring). In any event, *Petrich* held that lack of a unanimity instruction or election did not satisfy even the less rigid test of sufficiency of the evidence to measure harmlessness.

Even if the *Petrich* holding is not dictum and is meant to apply to a determination of harmlessness when unanimity of the jury is not assured as required by the constitution, such a standard is inappropriate. The right to a jury trial guaranteed by the federal constitution is implicated here. The Sixth Amendment guaranty of a jury trial in criminal cases applies to state proceedings as an extension of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968).[3]

---

[3]The federal constitution guaranty of a jury trial does not require total unanimity of all 12 petit jurors. *Apodaco v. Oregon*, 406 U.S. 404, 410, 32 L. Ed. 2d 184, 92 S. Ct. 1628 (1972) (approving Oregon's provision that 10 of 12 jurors may convict or acquit a person of any crime other than first degree murder where unanimity is required to convict). There the Court ruled the Sixth Amendment's

When a state has failed to accord rights guaranteed by the federal constitution, a federal question is involved. In the event of a federal question, the harmlessness of a constitutional error is measured by the rule proclaimed by the United States Supreme Court and not by the states. *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). The rule established by *Chapman* was the one followed in *State v. Stephens, supra,* and in numerous other cases by our Supreme Court and this court. The Washington Supreme Court has chosen the overwhelming untainted evidence test over the contribution test as the measure of applying this constitutional harmless error standard where evidence was either admitted or excluded in violation of a constitutional right. *State v. Guloy,* 104 Wn.2d 412, 705 P.2d 1182 (1985), *cert. denied,* 106 S. Ct. 1208 (1986). This methodology seems ill suited to the task of determining whether denial of a right to a jury trial can be harmless.

Division One of this court has adopted a test of harmlessness for cases involving several acts, each of which could have been found to constitute the commission of the charged offense. The test seems to be that the error is harmless if no rational trier of fact could have a reasonable doubt as to whether each incident established the crime beyond a reasonable doubt. *State v. Fitzgerald, supra; State v. Gitchel, supra; State v. Loehner, supra; State v. Handyside, supra.*

Such a rule implicitly requires the reviewing court to rule

---

essential purpose of "interpos[ing] between the accused and his accuser . . . the commonsense judgment of a group of laymen" representative of a cross section of the community is served despite the absence of a unanimity requirement. In the later case of *Burch v. Louisiana,* 441 U.S. 130, 60 L. Ed. 2d 96, 99 S. Ct. 1623 (1979), the Court held that conviction by a nonunanimous 6–person jury in state criminal proceedings for nonpetit offenses violates the federal guaranty of a jury trial. It is clear from these cases that agreement of a substantial majority of a 12–man petit jury is required under the federal constitution. Because of the number of separate offenses testified to in the case before us, it is conceivable that less than a simple majority of the jurors agreed on any one of the various offenses reflected in the evidence.

as a matter of law that the defendant is guilty of the charged offense in order to find the error harmless. In a jury trial the determination of guilt or innocence is solely within the province of the jury under proper instructions. In *State v. Holmes*, 68 Wash. 7, 122 P. 345 (1912), the court reversed the trial court's directed verdict of guilty even where there was no controversy on the stipulated facts. The court held that such a conviction was the act of the trial judge and not the verdict of the jury, so the accused was deprived of his right to a jury trial. Similarly, an instruction to the jury that it could find only two verdicts, guilty of first degree assault or guilty of second degree assault, was held to be a denial of a right to a jury trial because the jury was deprived of the right to acquit the defendant. *State v. Christiansen*, 161 Wash. 530, 297 P. 151 (1931).

In the cases considered by Division One, the trial courts were not ordered to direct verdicts. The effect is the same, however. In determining that no rational trier of fact could have had a reasonable doubt as to whether each incident satisfied the elements of the crime beyond a reasonable doubt, the appellate court removes the jury's authority to make the final determination of guilt in the same way that a directed verdict does. We conclude that the usurpation of the jury's authority implicit in this harmless error test is improper for the same reasons that a directed verdict is improper. We decline to adopt such a rule of harmless error.

In light of the holding in *Chapman v. California, supra,* we are obliged to apply the rule of harmless error announced in *State v. Stephens, supra,* to these types of cases. A harmless error is an error which is trivial, formal, or merely academic, was not prejudicial to the substantial rights of the defendant, and in no way affected the final outcome of the case. Moreover, an error of constitutional proportions will not be held harmless unless we are able to declare a belief that it was harmless beyond a reasonable doubt. *State v. Stephens*, 93 Wn.2d at 190–91. Here, in view of the numerous acts of sexual misconduct alluded to

in the evidence, it is impossible to determine that each and every juror agreed on which one or more of the several acts of misconduct the defendant was guilty. Thus, we are unable to say that the error was harmless beyond a reasonable doubt. Accordingly, we must reverse Kitchen's conviction and remand the case for a new trial with election by the State or a clarifying instruction that assures jury unanimity.

Kitchen also argues that the nurse–practitioner's testimony that Jane's hymen was broken was irrelevant, prejudicial, and too remote in time from the alleged criminal activity. The State responds that the testimony was probative and that the defense established in cross examination that the broken hymen was not conclusive evidence of sexual activity. The court's decision on the relevance and prejudicial effect of evidence will only be reversed for an abuse of discretion. *State v. Rupe,* 101 Wn.2d 664, 686, 683 P.2d 571 (1984). Kitchen has not demonstrated any abuse of discretion. The remoteness in time between the alleged events and the examination go to the weight of the evidence, not its admissibility.

In light of the requirement of a new trial, we need not address a number of other claims of error. The events complained of are not likely to occur again during a new trial.

Reversed and remanded.

WORSWICK, C.J., concurs.

WORSWICK, C.J. (concurring)—I concur fully with and have signed the majority opinion. I add these words because of the dissent.

I would have difficulty finding the error here harmless even under the *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984) standard. More importantly, however, I believe that my dissenting colleague's concern as to the binding effect of *Petrich* is misplaced.

We are bound by our Supreme Court's decisions announcing Washington law and interpreting the Washing-

ton Constitution. However, decisions of the United States Supreme Court control us in deciding federal constitutional issues.

Our State Supreme Court has explicitly recognized its lack of authority in federal constitutional matters. *See National Can Corp. v. Department of Rev.*, 105 Wn.2d 327, 715 P.2d 128 (1986); *Association of Wash. Stevedoring Cos. v. Department of Rev.*, 88 Wn.2d 315, 559 P.2d 997 (1977), *rev'd*, 435 U.S. 734 (1978); *Tricon, Inc. v. King Cy.*, 60 Wn.2d 392, 374 P.2d 174, *appeal dismissed, cert. denied*, 372 U.S. 908 (1962). In the face of this, it is illogical to suggest that we are bound to follow a mistaken application of federal constitutional principles by our Supreme Court.

ALEXANDER, J. (dissenting)—I agree with the majority's view that the trial court erred in not instructing the jury that all jurors must unanimously agree that the same underlying criminal act has been proved beyond a reasonable doubt. However, I believe that the instructional error was harmless and I, therefore, respectfully dissent from the majority's holding.

In *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), our Supreme Court stated very clearly that an instructional error, such as we have here, is harmless "if a rational trier of fact could have found each incident proved beyond a reasonable doubt." Applying that test to this case, it seems obvious that the instructional error is harmless because a rational trier of fact *could have* been convinced beyond a reasonable doubt that Kitchen had sexual intercourse with the victim on all of the occasions she testified to.

The majority sidesteps the plain language of *Petrich* by suggesting that the portion of the opinion in which the harmless error rule is enunciated is dicta. It clearly is not dicta. The court announced the rule and then applied it to the facts of that case. The fact that the court concluded in *Petrich* that the error was not harmless does not render it any less a part of the holding.

The majority next indicates that even if the standard for determining harmless error, as set forth in *Petrich,* is not dicta, the "standard is inappropriate." It then points out that federal constitutional rights are implicated here and that the test for harmless error, as stated in *Petrich,* contradicts the harmless error test proclaimed by the United States Supreme Court. *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R. 3d 1065 (1967). While I must concede that there is some merit to the majority view, I also must recognize that our State Supreme Court established a test for determining harmless error that is far different than that set forth by the majority in this case. Our State Supreme Court had to be aware, in *Petrich,* that Sixth Amendment rights to trial by jury were implicated, just as it must have been aware of the *Chapman* decision and its own decision in *State v. Stephens,* 93 Wn.2d 186, 607 P.2d 304 (1980).

This court is not the Supreme Court of Washington. We may feel that the court's reasoning in *Petrich* was "inappropriate" and not consistent with its prior decisions or prior decisions of the United States Supreme Court. However, at the same time there can be little argument over the fact that the *Petrich* holding is almost "on all fours" with this case and the harmless error test is stated clearly for us to read. In my judgment, this court is ill advised to move around that clear holding. This decision will almost certainly create confusion and will add to the uncertainty about the state of the law on this subject. If the decision in *Petrich* is indeed flawed, as the majority suggests, it is for the Supreme Court of this state to change it, not this court.

I would apply the harmless error test as stated in *Petrich,* literally, and would conclude that the instructional error was harmless. In this case, unlike *Petrich,* the victim did not show uncertainty or confusion as to the prior sexual contact Kitchen had with her. The jury could have been convinced beyond a doubt that he committed all of the acts

and his conviction should, therefore, be affirmed.

Review granted by Supreme Court March 4, 1987.