**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82464-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| MARCUS LADON LONG, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — After entering a guilty plea, Marcus L. Long was ordered to pay restitution. A portion of the total amount of restitution ordered by the trial court was compensation to the victim for the paid vacation and sick leave she utilized due to her injuries. Long avers that this part of the restitution award was improper, arguing it constitutes a speculative future benefit which doesn't fall within the scope of RCW 9.94A.753. We disagree and find that vacation and sick leave constitute property under the restitution statute, and that the amount sought was easily ascertainable, such that the award was proper.

FACTS

Marcus Long pleaded guilty to theft of motor vehicle and assault in the second degree-domestic violence. As part of his plea, Long agreed to pay restitution. At sentencing, the court ordered him to pay restitution in an amount to

be determined at a future hearing and accepted his request to waive his presence at that hearing.

The restitution hearing was held in March 2021 and Long's counsel appeared on his behalf. The State requested $6,860.80 for Maureen Zebley, based on time she had taken off of work during her recovery from injuries Long inflicted and for which she utilized accrued paid vacation and sick leave.[1] Long argued that the claim based on Zebley's leave time was one arising from a prospective future benefit rather than a remedial lost wage and, therefore, speculative. The State argued that Zebley was entitled to restitution because she "had to pay essentially to recover from an injury."

The evidence provided by the State as to the amount sought for Zebley was a "time loss claim" she had submitted to the prosecutor's office in which she asserted that she missed 240 hours of work valued at $26.92 per hour. She further indicated on the form that she had utilized paid sick and vacation time to make up for those lost hours. The document also contained her Leave Administrator's contact information and signature.

The trial court ultimately ruled in favor of the State, providing:

So I'm going to award the amount requested and my reasoning is [ ] that essentially she took off work as a result of the injuries she suffered at the hands of the Defendant. And in lieu of not being paid during that time, she utilized her sick leave or vacation leave during that time period. And essentially that is a lost wage.
I don't see that as a benefit. I see this as different than say I had to take off six months form work therefore my retirement . . . has to now be recalculated.

---

[1] The State also requested $6,368.46 for Progressive Insurance. Long did not dispute the restitution owed to Progressive Insurance which was based on damage he had caused to Zebley's vehicle.

Long now timely appeals the restitution order only as to the amount awarded for Zebley's claim.

ANALYSIS

Long argues on appeal, as he did in the trial court, that the court lacked authority to order him to pay $6,860.80 in restitution to Zebley based on speculation that she "lost" the sick and vacation leave that she used because she will be unable to access those work benefits in the future. A trial court's decision to impose restitution is reviewed for abuse of discretion. State v. Gray, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). However, the trial court's interpretation of the restitution statute is an issue this court reviews de novo. State v. Burns, 159 Wn. App. 74, 78, 244 P.3d 988 (2010).

"A court's authority to order restitution is derived solely from statute." State v. Gonzalez, 168 Wn.2d 256, 261, 226 P.3d 131 (2010). RCW 9.94A.753 governs restitution within our state. A court ordering restitution must do so within 180 days of sentencing. RCW 9.94A.753. "If an offender objects to the restitution amount, the court must hold a hearing and accurately determine the amount within the allotted time." Gray, 174 Wn.2d at 925–26. When restitution is disputed, the State bears the burden of proving the amount sought by a preponderance of the evidence. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005).

Long asks this court to resolve the question of whether paid leave (sick or vacation) properly falls within the scope of RCW 9.94A.753(3). The language of RCW 9.94A.753(3) states in relevant part:

> [R]estitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.

Long argues that paid sick and vacation leave are analogous to the retirement income at the heart of this court's decision in State v. Lewis. 57 Wn. App. 921, 791 P.2d 250 (1990). In Lewis, we considered "whether restitution may include future retirement income losses resulting from . . . use of sick leave." Id. at 923. We held that, in light of the fact that lost future earnings of a deceased victim were neither "easily ascertainable damages" nor "lost wages resulting from injury," making such an award as restitution in a criminal case was improper. Id. at 924. We reinforced that ascertainability is key to criminal restitution determinations because the complexities as to calculations like those undertaken by the trial court in Lewis are properly addressed by civil damage concepts, in part because criminal proceedings are "ill-equipped for such a task." Id. at 924. The Lewis court noted the choice of the Legislature to refer to "lost wages resulting from injury" in the past tense, which is suggestive of expenses already incurred. Id. at 926. As such, Lewis directs that any claim for restitution for lost future earnings of a deceased victim should be rejected. Id.

However, in Lewis we also accepted the State's concession of error as to the award of restitution for a victim's loss of future retirement income due based on their use of sick leave. Id. (citing State v. Goodrich, 47 Wn. App. 114, 116–17, 733 P.2d 1000 (1987)). In Goodrich, we rejected the notion that restitution could be ordered for costs not yet incurred. 47 Wn. App. at 116–17. In Lewis, relying on the reasoning in Goodrich, we remanded for the trial court to determine whether

No. 82464-3-I/5

the victim who claimed lost retirement earnings had retired yet and, if so, what deductions were made due to their use of sick leave stemming from the underlying crime. 57 Wn. App. at 926. This result established that such an award would have only been improper if the loss had not yet been incurred, rather than a declaration that such a loss could not ever be recovered as restitution under RCW 9.94A.753(3).

Lewis is unhelpful for Long's argument, as we did not reject the notion that a reduction in retirement due to use of sick leave could not be ascertainable or ever properly awarded, but only that such a loss must have been actually incurred and not merely speculative. Sick and vacation leave are clearly ascertainable benefits that one may possess and that may have easily calculable value.[2] One may use such a benefit by seeking payment from it during their employment or, in some circumstances, cash out the value of the benefit upon separation from their employment. As such, sick and vacation leave are properly classified as property for purposes of the restitution statute. In affirming one aspect of the restitution award in State v. Young, we determined that a child support judgment constitutes property for purposes of the restitution statute, and concluded that when the party responsible for that judgment died as a result of a criminal defendant's actions, the

---

[2] Here, Long does not challenge the truth of Zebley's claimed utilization of 240 hours of paid vacation and sick time, nor does he argue to this court that the State failed to meet its burden in proving this portion of restitution amount. However, we can conceive of fact patterns that would call for more proof than submitted by the State here as variances among employer leave policies necessarily impact the value of different types of leave. For example, some technology companies in our state provide their employees with unlimited leave time such that time taken by a victim with that sort of benefit may not be properly claimed as a loss on a request for restitution in a criminal case. But, these nuances are a question for another time.

- 5 -

defendant became responsible for replacing that property by paying out the child support judgment as restitution. 63 Wn. App. 324, 331-332, 818 P.2d 1375 (1991).

Having determined that paid sick or vacation leave constitute property for purposes of RCW 9.94A.753(3), we find the trial court's award to Zebley was not error. However, the trial court here concluded that the award was based on "lost wages." This was an improper interpretation of the statute, but in light of the fact that the award properly falls under RCW 9.94A.753(3) as "property," the error was nonetheless harmless. State v. Kitchen, 46 Wn. App. 232, 238, 730 P.2d 103 (1986) ("A harmless error is an error which is trivial, formal, or merely academic, was not prejudicial to the substantial rights of the defendant, and in no way affected the final outcome of the case.").

Affirmed.

WE CONCUR:

Andrus, A.C.J.