[No. 4572–II.  Division Two.  July 10, 1981.]

WASHINGTON FEDERATION OF STATE EMPLOYEES,
*Appellant,* v. THE STATE PERSONNEL
BOARD, ET AL, *Respondents.*

*Clifford F. Cordes, Jr.,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Richard A. Heath, Assistant,* for respondents.

REED, C.J.—This is an appeal from a summary declara-

tory judgment finding valid a rule enacted by the State Personnel Board. The disputed rule changed the manner in which the Personnel Board reviews allocation and reallocation of positions within the State Civil Service System. We affirm.

Prior to February 8, 1979, the Personnel Board, pursuant to WAC 356-10-060, afforded affected employees a de novo review of allocation or reallocation determinations. On February 8, 1979, the Personnel Board amended WAC 356-10-060 to provide for an appeal of an allocation or reallocation decision to the Director of the Personnel Department or his designee, followed by a review of the record by the Personnel Board. Under the amended rule, the Personnel Board may but is not required to hear new evidence. The Board does review the record made before the Director and may permit or require the parties to submit written memoranda. The amendment came about through a need on the part of the Board to more quickly dispose of what had become a considerable backlog of appeals from reallocation decisions.

The first issue raised by plaintiff, a labor organization which represents a large number of state employees covered by the rule, is whether the amended rule violates the State Civil Service Law and particularly RCW 41.06.170 and .180. The argument is that WAC 356-10-010 and -030(1) require that every employee be properly classified. Any improper classification is thus said to be a violation of the civil service law and regulations which would entitle the affected employee to a de novo hearing under RCW 41.06.180.

We agree with the Personnel Board that this argument overlooks a valid and important distinction. The issue in most allocation and reallocation appeals is whether the judgment of the classifying officer was properly exercised, rather than whether that officer followed the proper procedure. If plaintiff's position were adopted all allocation and reallocation decisions would be appeals from rule violations and would be subject to appeal to the Thurston County Superior Court, RCW 41.06.190 and .200. This would rep-

resent a substantial change from the current concept that classification decisions are reviewable only under the court's inherent power to review administrative decisions, and only to the limited degree available under that power. *Leonard v. Civil Serv. Comm'n,* 25 Wn. App. 699, 611 P.2d 1290 (1980); *Wilson v. Nord,* 23 Wn. App. 366, 597 P.2d 914 (1979).

As we have said many times, the courts of this state are ill equipped to act as super personnel agencies. Personnel officers familiar with the workings of the classification system are far better qualified to make allocation or reallocation decisions. If plaintiff's position were accepted, however, the courts would at least potentially be drawn into regularly making what are basically personnel decisions, on the theory that the cases involved substantive rule violations.

Further, if the plaintiff indeed believes every allocation decision necessarily involves a rule violation, it can seek to have those rule violations heard by the Personnel Board under WAC 356–34–080. No such effort has yet been made, according to the record. It would seem that no controversy is ripe for decision until the Personnel Board has actually denied a hearing requested under the plaintiff's theory.

■ Over and beyond these basic policy reasons for upholding the rule in question, nothing therein appears to be inconsistent with the statutory framework governing classifications. First, even though RCW 41.06.150(1) plainly requires the Personnel Board to adopt rules governing appeals from dismissals, suspensions or demotions of employees, RCW 41.06.150(15) makes no mention of appeals from allocation decisions. This implies a legislative intent not to provide an automatic right to appeal allocation decisions to the Personnel Board. *See Lumpkin v. Department of Social & Health Servs.,* 20 Wn. App. 406, 581 P.2d 1060 (1978).[1]

---

[1] We note that the legislature has now passed chapter 311, Laws of 1981, 1st Ex. Sess. This chapter creates a new Personnel Appeals Board. Under section 10

■ The legislature has granted the Board the power to adopt rules governing the classification of positions so long as those rules are consistent with the purposes of the civil service act and with good personnel policy. RCW 41.06-.150(15). A rule adopted by the Board under such a broad statutory grant of authority is presumed to be valid. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.,* 89 Wn.2d 688, 575 P.2d 221 (1978). A regulation will not be struck down unless compelling reasons are presented sufficient to show the scheme is in conflict with the intent and purpose of the legislation. *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 545 P.2d 5 (1976); *Green River Community College v. Higher Educ. Personnel Bd.,* 95 Wn.2d 108, 622 P.2d 826 (1980). As we have explained, the rule under consideration is not patently inconsistent with either the legislative intent as we divine it or the statutes as written.

The plaintiff places considerable reliance on the opinion in *Wilson v. Nord, supra,* to support its argument. This reliance is misplaced. *Wilson* does not hold that all classification appeals must be heard as a matter of right by the Personnel Board. *Wilson* alleged a violation of WAC 356–10–050(1); this court remanded the case to the Personnel Board to decide if that specific rule had indeed been violated. In so doing we did not sanction any general right to appeal allocation or reallocation decisions de novo to the Board.

In summary we find that the Personnel Board's adoption of WAC 356–10–060 was a valid exercise of the rule–making authority granted by the legislature. Both the statute and the policies underlying it support this conclusion.

---

of this statute, this board will have jurisdiction over appeals filed after July 1, 1981. The State Personnel Board will retain control over those cases filed prior to that date. In section 19.3 of the new statute, the newly created Personnel Appeals Board is specifically charged with hearing job allocation appeals. Had the former statute clearly required the State Personnel Board to hear such cases, it would have been unnecessary for the legislature to add this new subsection. We presume that the legislature intended to change the law when it added this new provision.

822

Affirmed.

Pearson and Petrie, JJ., concur.