**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| PETER BAWDEN, | ) | No. 82391-4-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SEATTLE PUBLIC SCHOOLS, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Peter Bawden appeals a trial court order affirming the Seattle

School District's (District) final administrative decision concluding that its annual

performance evaluation of Bawden did not violate the District's internal policy prohibiting

harassment, intimidation, and bullying.  Bawden argues that the trial court abused its

discretion by denying his two motions to compel supplementation of the administrative

record, and erred in affirming the district's administrative decision.  We affirm.

FACTS

Bawden is a teacher employed by the District at Franklin High School.  On April

24, 2020, Bawden met with the Franklin High School principal to review his annual job

performance evaluation.  The performance evaluation rates teachers in several

categories as unsatisfactory, basic, proficient, or distinguished.  The evaluation rated

Bawden as basic in three categories and proficient in three others.  On April 28, 2020,

Bawden alleged the portions of his evaluation that ranked him as basic violated the District's policy against harassment, intimidation, and bullying.

Under the District's policy and procedure, Bawden's complaint was first reviewed administratively by the District's Human Resources Manager for Labor and Employee Relations, Patrice Debe. Debe concluded that the evaluation did not constitute harassment, intimidation, or bullying, but was a reasonable action expected of supervisors. Bawden appealed the decision to the District's Chief Human Resources Officer, Dr. Clover Codd. On January 13, 2020, Dr. Codd concurred with Debe's conclusion.

Bawden petitioned for judicial review of the District's decision under ch. 28A.645 RCW. On October 9, 2020, Bawden moved unsuccessfully to compel the District to supplement its administrative record. Bowden sought an order compelling the District to certify that "exit tickets" the District had not retained as "artifacts" to his performance evaluation are correct and were relied on by the District when making the challenged decision that he was not a victim of harassment, intimidation, and bullying. He also sought to compel the District to certify as correct "curriculum materials" he claims the Office of the Superintendent of Public Instruction created.[1] On October 23, 2020, the trial court denied Bawden's motion to compel. On November 9, 2020, the trial court denied Bawden's second motion to compel the same materials.

On January 29, 2021, the trial court affirmed the District's decision that an unfavorable performance evaluation is not a prohibited form of harassment, intimidation, and bullying.

---

[1] While not part of the administrative record, both the "curriculum materials" and "exit tickets" were attached to Bawden's petition for judicial review.

Bawden appeals.

## ANALYSIS

Bawden argues that the trial court abused its discretion by denying his two motions to compel supplementation of the administrative record, that the decision was arbitrary and capricious, and that the decision was contrary to law. We disagree.

A. Supplementation of Administrative Record

Bawden argues that the trial court abused its discretion by denying his motions to compel the District to supplement the administrative record. We review a court order ruling whether to compel supplementation of an administrative record for an abuse of discretion. Lund v. Dep't of Ecology, 93 Wn. App. 329, 334, 969 P.2d 1072 (1998). "A trial court abuses its discretion when its exercise of discretion is manifestly unreasonable or based on untenable grounds or reasons." Lund, 93 Wn. App. at 334.

Under RCW 28A.645.020, the district was required to file the "complete transcript of the evidence and the papers and exhibits relating to the decision for which a complaint has been filed." As the trial court noted, the record before it was the certified record before Dr. Codd during his final administrative decision. Bawden cites no evidence, and the record does not support, that Dr. Codd relied on the documents that Bowden sought to compel. The trial court did not abuse its discretion by denying Bawden's motions to supplement.

B. Arbitrary and Capricious or Contrary to Law

Bawden next argues that the trial court erred in affirming the District's decision. Our review of administrative decisions under RCW 28A.645.010 is limited to whether the challenged decision was arbitrary and capricious, or contrary to law. Haynes v.

-3-

Seattle Sch. Dist. No. 1, 111 Wn.2d 250, 253-54, 758 P.2d 7 (1988) (discussing the predecessor statute to RCW 28A.645.010).

The District's decision was not arbitrary and capricious. Arbitrary and capricious agency action is "willful and unreasoning action . . . without consideration and in disregard of the facts and circumstances of the case." Porter v. Seattle Sch. Dist. No. 1, 160 Wn. App. 872, 880, 248 P.3d 1111 (2011). "Action is not arbitrary or capricious when exercised honestly and upon due consideration where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached." Porter, 160 Wn. App. at 880.

The District's decision is far from a willful and unreasoning action. A school's performance evaluation is a standard practice to inform both the institution and the employee of ongoing progress. Bawden's evaluation reflected his supervisor's assessment of his progress. The evaluation did not label Bawden's performance as unsatisfactory, but merely basic in three categories. It is not arbitrary and capricious to conclude that a routine annual performance review does not constitute prohibited harassment, intimidation, or bullying.[2]

The District's decision was also not contrary to law. When determining whether an agency action is contrary to law, we "accord substantial deference to the agency's interpretation of law in matters involving the agency's special knowledge and expertise." Overlake Hosp. Assn. v. Dep't of Health, 170 Wn.2d 43, 50, 239 P.3d 1095 (2010). This court is "ill-equipped to act as [a] super personnel agenc[y]." Washington Fed'n of State Emps. v. Personnel Bd., 29 Wn. App. 818, 820, 630 P.2d 951 (1981). "The

---

[2] Additionally, we cannot—as Bawden requests—change the District's evaluation. Our review is limited to Dr. Codd's administrative decision.

No. 82391-4 -I/5

[g]overnment, as an employer, must have wide discretion and control over the management of its personnel and internal affairs." Binkley v. Tacoma, 114 Wn.2d 373, 386-87, 787 P.2d 1366 (1990).

The District's Policy No. 5207 and Superintendent Procedure No. 5207SP provide that statements or acts are considered to be harassment, intimidation, or bullying if they physically harm someone, substantially interfere with the work environment, are so severe and pervasive they create a threatening work environment, or substantially disrupt the orderly operation of the workplace. Concluding that a negative job evaluation is prohibited harassment, intimidation, or bullying, would prevent the District from determining that an employee's performance is deficient in any respect. Bawden fails to demonstrate that the District's decision was contrary to law.

Affirmed.

_____
Mann, C.J.

WE CONCUR:


_____          _____
Bumm, J                                   Appelwick, J.

-5-