# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BETTER BUSINESS BUREAU GREAT WEST[†] & THE PACIFIC, | No. 58492-1-II |
| Appellants, | |
| v. | ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | |
| Respondent. | |

Respondent filed a motion to publish the opinion filed in the above entitled matter on September10, 2024 pursuant to RAP 12.3(e). Appellants filed a response on October 11, 2024. After consideration, the court grants the motion. It is now

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that the opinion will now be published.

**PANEL:** Jj. Maxa, Veljacic, Che

**FOR THE COURT:**

_Che, J_

---

[†] Also captioned as Better Business Bureau Northwest.

PRESIDING JUDGE

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BETTER BUSINESS BUREAU GREAT WEST[†] & THE PACIFIC, | No. 58492-1-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | |
| Respondent. | |

CHE, J. — The Better Business Bureau Great West and the Pacific (BBB) appeals the trial court's grant of the Department of Revenue's (DOR) motion for summary judgment, denial of BBB's motion for partial summary judgment, grant of the DOR's protective order, and denial of BBB's motion to compel discovery.

BBB sought a refund of business and occupation (B&O) taxes paid in 2017. BBB claimed that the accreditation fees (membership dues) it received from its members were "bona fide dues" under RCW 82.04.4282 and thus fully deductible from its gross income. The DOR maintained that because BBB failed to provide any evidence showing what portion, if any, of the membership dues qualified for the deduction, the membership dues are fully taxable. The parties also disputed whether a DOR memo related to BBB's taxability should be redacted and disclosed in discovery. The parties filed cross motions for summary judgment. The trial court granted the

---

[†] Also captioned as Better Business Bureau Northwest.

DOR's motion for summary judgment, denied BBB's motion for partial summary judgment, granted the DOR's protective order, and denied BBB's motion to compel discovery.

BBB argues that summary judgment was inappropriate because (1) collateral estoppel bars the DOR's claim; (2) the ability to display BBB's seal, the members' rating, and the members' accreditation status does not confer a "significant amount" of goods or services to members; and (3) the DOR admitted the existence of a genuine issue of material fact—that a portion of the dues was tax deductible. BBB also argues that the trial court erred in denying its motion to compel discovery of the memo because it was discoverable under CR 26 and 34.

We hold (1) collateral estoppel does not apply, (2) the trial court did not err in granting summary judgment in favor of the DOR, and (3) the memo is wholly exempt from disclosure.

Accordingly, we affirm the trial court's grant of the DOR's motions for summary judgment and protective order, and its denial of BBB's motions for partial summary judgment and to compel discovery.

FACTS

A.      *Tax Ruling and Tax Refund Action*

BBB is a non-profit corporation that provides to businesses and consumers in various states, including Washington, services to promote the "'creation of a community of trustworthy businesses,'" protection of consumers, and encouragement of best business practices, among other things. Clerk's Papers (CP) at 3.

BBB offers accredited membership to businesses. BBB collects annual membership dues. Once BBB accepts a member, BBB generally authorizes the member to advertise its BBB accreditation and use BBB trademarks. Among other benefits, members may display their

accreditation plaque and decal, use the BBB seal, advertise its BBB rating, and identify as an accredited business in online and offline advertising.

In 2019, the DOR requested BBB to verify its active non-reporting status. BBB requested a tax ruling from the DOR. The DOR issued its ruling, concluding that under RCW 82.04.4282, BBB's membership dues are paid in exchange for "significant services" and are therefore subject to B&O tax. CP at 76.

BBB requested the DOR to conduct an administrative review of the tax ruling. Attached to its request, BBB included the findings of fact and conclusions of law from a 1981 trial court decision (1981 ruling). In that case, BBB and the DOR litigated the issue of whether BBB's membership dues qualified for a tax deduction under RCW 82.04.4282(2). In its 1981 ruling, the trial court determined BBB showed its entitlement to a B&O tax deduction for all dues received. The trial court found the dues were bona fide dues that "[were] not for or graduated upon the amount of services rendered to the member or members." CP at 87.

The DOR affirmed its 2019 tax ruling. In its determination, the DOR concluded that "some" of BBB's services are "not significant services provided in exchange for the membership fee because they are not services that [BBB's] members would pay a charge for in the marketplace." CP at 912. These tax-deductible services included listing members in BBB's online business directory, populating customer reviews for online business listings, and using the "request a quote feature." CP at 913. The DOR further concluded that BBB provides its members "two services of a significant value: accreditation and discount advertising." CP at 913.

3

The DOR determined that since BBB "has not submitted evidence of the portion of its dues that cover the expenses for providing the privileges of membership . . . the DOR presumes that the entire amount of dues income is taxable." CP at 913. BBB did not file an appeal of the DOR's determination.

The DOR subsequently audited BBB and assessed $139,653.45 in B&O taxes against BBB for the 2017 tax period. BBB paid the B&O taxes, which prompted BBB to file this tax refund action for the 2017 tax period.[1] BBB claimed its membership dues were "bona fide dues" under RCW 82.04.4282 and thus deductible from its B&O tax liability. CP at 32.

B.    *Discovery*

The parties engaged in discovery. Among other requested documents, the DOR withheld a two-page memo written by a tax information specialist, which was a "very quick and brief summary of information about [BBB] and [the DOR's] thoughts about [BBB's] taxability." CP at 441. The DOR asserted a privilege under RCW 82.32.330, stating the memo "[d]iscusses Confidential Tax Information of another taxpayer, and therefore [is] precluded from disclosure." CP at 67.

The DOR subsequently moved for a protective order under CR 26(c) to withhold the memo in its entirety. BBB moved to compel discovery of the memo under CR 26 and 34. The trial court heard oral argument on the parties' cross-discovery motions, granted the DOR's motion, and denied BBB's motion.

---

[1] In January 2022, BBB amended its complaint, seeking to obtain a tax refund for amounts paid in the 2017 tax period, rather than the 2016 tax period.

The trial court issued a protective order on the grounds that RCW 82.32.330 protects the memo from production in its entirety. The trial court entered an order consistent with its ruling at oral argument.

C.  *Summary Judgment Motions*

The DOR moved for summary judgment, seeking a determination that BBB did not show that its membership dues were fully deductible under RCW 82.04.4282 for the 2017 tax period. The DOR argued that while bona fide dues are generally deductible under RCW 82.04.4282, they are not deductible when paid "'in exchange for any significant amount of goods or services rendered by the [taxpayer] to members.'" CP at 786 (alteration in original) (quoting RCW 82.04.4282). The DOR asserted that businesses received things of value from BBB in exchange for paying membership dues, such as a license to advertise their BBB accreditation status and BBB rating, and the use of BBB's trademarked seal in online and offline advertising. The DOR also distinguished this case from the 1981 ruling, stating that "accredited businesses at that time were prohibited from advertising their BBB membership, the main benefit they receive today." CP at 787.

BBB responded that the DOR's motion should be denied based on res judicata and collateral estoppel grounds. BBB argued that its membership dues were not subject to B&O tax because the issue had previously been decided in 1981 and there had been no material change in the law or facts since the trial court entered its 1981 ruling. Specifically, BBB asserted that there had been no change in its business operations. BBB also argued that under RCW 82.04.4282, its membership dues were not subject to B&O tax because BBB did not provide a significant amount of goods or services to members without any additional charge to its members.

5

The DOR, in its reply in support of its own motion for summary judgment noted that BBB did not address that it now provided to businesses, in exchange for paying membership dues, a significant amount of goods or services in the form of a license to advertise BBB accreditation and the right to use BBB trademarks.

BBB moved for partial summary judgment, seeking a determination that the doctrines of collateral estoppel and res judicata apply to the matter. BBB argued that its existing practices were "virtually identical" to its practices at the time of the 1981 ruling and that the substantive facts had not materially changed since then. CP at 969. BBB also argued that the parties and the issue in dispute are the same, and that the statutory authority at issue had not substantively changed since the 1981 ruling. Throughout its motion, BBB relied on the declarations of the current president and CEO of BBB and the past president and CEO from 1981-2013. In particular, BBB cited to the past president's statement that "[b]ased on [his] personal knowledge, there has been no change in BBB's operations insofar as they relate to the facts that were at issue in the [1981 ruling] and in the present lawsuit." CP at 1035. BBB did not present facts about the breakdown of the dues it received nor facts about how it applied the dues to its different services offered to members or the public.

The DOR filed a response to BBB's motion for partial summary judgment, in which it argued that BBB failed to establish facts to show the doctrines of collateral estoppel and res judicata applied. In particular, the DOR noted BBB's conclusory declarations and inability to show identical issues, subject matter, and cause of action between the 1981 ruling and present case. It also argued that a substantive fact had materially changed since the 1981 ruling—BBB members were no longer prohibited from advertising their BBB membership, as they were at the

time of the 1981 ruling. In BBB's reply, it emphasized that its business operations had not changed since 1981 and asserted that it is the DOR's burden to establish material changes to BBB's business operations between the 1981 ruling and the 2017 tax period.

At oral argument on both parties' motions, the trial court held that the doctrines of collateral estoppel and res judicata are inapplicable because BBB did not show that there is no genuine issue of material fact as to whether the issues presented are identical to those in the 1981 ruling.

The trial court noted a finding in the 1981 ruling that "'no member may advertise the fact that [their] business is a member of [BBB]'" and found that that was not the case in the present matter where "we have many official documents from [BBB] that describe . . . the encouragement and the description that [identifying as a BBB accredited business] is a value." Rep. of Proc. (RP) (July 7, 2023) at 45-46 (quoting 1981 ruling). The trial court also noted,

> Neither the moving party nor the responding party can rely on conclusory declarations. And while a person making a declaration may have personal knowledge or firsthand information, that alone doesn't raise a material fact or establish a material fact. And, in this case, both of [BBB's] declarations are conclusory and don't include any details describing the basis for the assertions and don't include any bureau documents that support the assertion. . . .
>
>       . . . [The declarations] simply don't have sufficient factual support.

RP (July 7, 2023) at 44.

The trial court found that BBB was not entitled to a tax deduction under RCW 82.04.4282 because "the membership dues do confer a value for a service and, therefore, are subject to the tax and not appropriately deducted." RP (July 7, 2023) at 48. The court also found there was no genuine issue of material fact precluding summary judgment.

7

The trial court granted the DOR's motion for summary judgment and denied BBB's motion for partial summary judgment.

BBB appeals.

ANALYSIS

BBB argues that the trial court erred in granting summary judgment in favor of the DOR because collateral estoppel bars the DOR's claim, the court misapplied RCW 82.04.4282, and genuine issues of material fact exist. BBB also argues that the trial court erred in denying its motion to compel discovery of the memo because it was discoverable under CR 26 and 34.

We review summary judgment orders de novo. *Fite v. Mudd*, 19 Wn. App. 2d 917, 926, 498 P.3d 538 (2021). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. We review the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Mudd*, 19 Wn. App. 2d at 926. A genuine issue of material fact exists where reasonable minds could disagree on the facts that control the outcome of the litigation. *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 778, 425 P.3d 560 (2018).

"Where there are no disputed issues of material fact and the issue is how the tax statutes and regulations apply to the facts of the case, we treat the issue as a question of law and review the decision de novo." *Royal Oaks Country Club v. Dep't of Revenue*, 25 Wn. App. 2d 468, 474, 523 P.3d 1198 (2023), *aff'd*, 2 Wn.3d 562 (2024).

The moving party has the "initial burden to show there is no genuine issue of material fact." *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020). A moving defendant can meet this burden by showing the plaintiff cannot support their claim with any

evidence. *Id*. The burden then "shifts to the plaintiff to present specific facts that reveal a genuine issue of material fact." *Id*. If a plaintiff does not show sufficient evidence to create a genuine issue of material fact "about an essential element on which [they] will have the burden of proof at trial," summary judgment is appropriate. *Id*. "Conclusory statements of fact are insufficient to defeat a summary judgment motion." *Hamblin v. Castillo Garcia*, 23 Wn. App. 2d 814, 831, 517 P.3d 1080 (2022), *review denied*, 200 Wn.2d 1029 (2023).

## I. APPLICATION OF COLLATERAL ESTOPPEL

### A. *Legal Principles*

We review whether collateral estoppel applies de novo. *Worland v. Kitsap County*, 29 Wn. App. 818, 824, 546 P.3d 446 (2024).

Collateral estoppel precludes the same parties from relitigating an issue in a subsequent lawsuit. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). The second claim is always different from the first claim, but for purposes of collateral estoppel, "'[w]hat matters is whether *facts* established in the first proceeding foreclose the second claim.'" *Worland*, 29 Wn. App. at 826 (alteration in original) (quoting *Scholz v. Wash. State Patrol*, 3 Wn. App. 2d 584, 597, 416 P.3d 1261 (2018)).

The party claiming collateral estoppel must prove four elements:

"(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied."

*Billings v. Town of Steilacoom*, 2 Wn. App. 2d 1, 15, 408 P.3d 1123 (2017) (internal quotation marks omitted) (quoting *Hadley v. Maxwell*, 144 Wn.2d 306, 311-12, 27 P.3d 600 (2001)).

9

Under *Dot Foods, Inc. v. Department of Revenue* (*Dot Foods* II), a party claiming collateral estoppel fails to satisfy the first element—identical issues—when the facts are distinguishable between the present case and the prior judgment. *See* 185 Wn.2d 239, 254-56, 372 P.3d 747 (2016). Different tax periods constitute a factual change. *See id.* at 254-55. "[C]ollateral estoppel does not apply to subsequent taxing periods that were not previously adjudicated." *Id.* at 257.

B.      *Collateral Estoppel Does Not Apply*

As a preliminary matter, BBB argues the trial court erred when it denied BBB's motion for partial summary judgment because collateral estoppel applies here.[2] Specifically, BBB contends that there are no significant factual differences between the 2017 tax period and the 1981 ruling, which prevents the DOR from assessing B&O taxes against BBB. We disagree.

In *Dot Foods* II, Dot Foods challenged the retroactive application of an amended tax statute, claiming that under the theory of collateral estoppel, the DOR could not impose B&O taxes for a specific taxable period because the period was encompassed by a judgment in a prior decision in *Dot Foods, Inc. v. Department of Revenue*, 166 Wn.2d 912, 215 P.3d 185 (2009) (*Dot Foods* I). 185 Wn.2d at 253-54. Our Supreme Court determined that collateral estoppel did not apply because Dot Foods failed to show that the issue decided in *Dot Foods* I was identical to the issue presented in *Dot Foods* II. *Id.* at 254.

First, the Court found the tax period in both cases differed—*Dot Foods* I involved a refund request for tax periods from January 2000 through April 2006, while *Dot Foods* II

---

[2] BBB asserts, "The Department [does] not dispute that elements 2-4 are met." Br. of Appellant at 50 n.14. The Department does not address this in its response brief. The parties appear to contest only element 1.

involved a refund request for tax periods from May 2006 through December 2007. *Id*. Next, the Court ruled that tax appeals are limited to specific taxes and associated time periods. *Id*. at 255. And while the appeals in both cases concerned the same taxable activity, they involved different tax periods, giving rise to separate causes of action for collateral estoppel purposes. *Id*. The Court reasoned that the facts following *Dot Foods* I "were not static, factually or legally," because "[f]actually, a different tax period was at issue, and legally, there was an intervening change in the law that narrowed the scope of the exemption." *Id.* at 256-57. The Court determined that "collateral estoppel does not apply to subsequent taxing periods that were not previously adjudicated." *Id*.

Here, BBB asserts that the 1981 ruling should extend to the 2017 tax period because the prior tax appeal already adjudicated BBB's exempt status under RCW 82.04.4282, and there are no significant factual changes since the 1981 ruling. BBB appears to argue that *Dot Foods* II stands for the proposition that collateral estoppel is inappropriate only when there is a change in the law *and* the facts. We disagree. In *Dot Foods* II, the Court focused its analysis on whether the facts following *Dot Foods* I were "*static*, factually *or* legally." *Id.* at 256 (emphasis added). Notably, this is written in the disjunctive.

Contrary to BBB's assertion, the facts have not remained static since 1981 because it is no longer the case that members are prohibited from advertising the fact their business is a member of BBB. Additionally, different tax periods are at issue. While the 1981 ruling and the present case concern the same taxable activity, they involve different tax periods, giving rise to separate causes of action for collateral estoppel purposes. Thus, BBB cannot prove the first element—identical issues—of its collateral estoppel claim.

11

No. 58492-1-II

We hold the trial court did not err when it denied BBB's motion for partial summary judgment because collateral estoppel does not apply here. We now consider the remainder of BBB's claims.

## II. APPLICATION OF RCW 82.04.4282

A. *Legal Principles*

Under RCW 82.04.4282, dues are generally tax-deductible. But

> [i]f dues are in exchange for any significant amount of goods or services rendered by the recipient thereof to members without any additional charge to the member, or if the dues are graduated upon the amount of goods or services rendered, the value of such goods or services shall not be considered as a deduction under this section.

RCW 82.04.4282. In other words, the dues deduction "exempt[s] from taxation only revenue exacted for the privilege of membership." *Auto. Club of Wash. v. Dep't of Revenue*, 27 Wn. App. 781, 786, 621 P.2d 760 (1980).

In a tax deduction claim, the taxpayer has the burden to show they are qualified for the deduction. *Grp. Health Co-op. of Puget Sound, Inc. v. Wash. State Tax Comm'n*, 72 Wn.2d 422, 429, 433 P.2d 201 (1967). Revenue statutes that confer a tax deduction benefit are narrowly construed against the taxpayer. *See Analytical Methods, Inc. v. Dep't of Revenue*, 84 Wn. App. 236, 241, 928 P.2d 1123 (1996).

Where a portion of dues received by the taxpayer covers expenses "incident to providing the privilege of membership," that portion is deductible, and the taxpayer must attempt to segregate these expenses. *See Auto. Club of Wash.*, 27 Wn. App. at 786. Absent the taxpayer's attempt to segregate these expenses, the DOR "may presume that the entire amount [of dues] is taxable." *Id* at 786-87.

12

B.       *The Trial Court Did Not Err in Granting Summary Judgment in Favor of the DOR*

BBB argues the trial court should have denied the DOR's motion for summary judgment because the trial court misapplied RCW 82.04.4282. Specifically, BBB contends the DOR failed to quantify the "significant value" members received within the meaning of RCW 82.04.4282. BBB also argues its members' ability to display BBB's seal, their BBB rating, and the fact they are an accredited member of BBB does not confer a "significant amount" of goods or services to members. Br. of Appellant at 40. Lastly, BBB argues summary judgment was improper because the DOR admitted a genuine issue of material fact—that a portion of the dues was tax deductible. We disagree that the trial court erred by granting summary judgment in favor of the DOR.

The DOR bore the initial burden to show there was no genuine issue of material fact as to whether BBB's membership dues were wholly deductible under RCW 82.04.4282. The DOR asserted that while bona fide dues are generally deductible under RCW 82.04.4282, they are not deductible when paid "'in exchange for any significant amount of goods or services rendered by the [taxpayer] to members.'" CP at 786 (alteration in original) (quoting RCW 82.04.4282). The DOR claimed that businesses received things of value from BBB in exchange for paying membership dues, such as a license to advertise their BBB accreditation status and BBB rating, and the use of BBB's trademarked seal in online and offline advertising. Thus, the DOR met its initial burden to show that BBB was not entitled to a deduction of its total revenue from membership dues.

BBB contends the DOR had to quantify the value of the dues that are not deductible. To that end, BBB asserts, "The Department [has] not submitted any evidence as to the actual value of the purported goods and services provided to [BBB's] members." Br. of Appellant at 30

(underline omitted). But BBB provides no citations to legal authority in support of its contention that the DOR must prove the actual value of the purported goods and services BBB provides to its members. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."); *see also* RAP 10.3(a)(6).

Moreover, once the DOR met its initial burden, the burden shifted to BBB to provide specific facts that reveal a genuine issue of material fact or to show that the DOR is not entitled to judgment as a matter of law. Here, BBB had the burden to show it qualified for the tax deduction and to quantify what amount of its dues qualified for the deduction. But, in response, BBB failed to present specific facts or sufficient evidence showing that all of the membership dues it received from Washington-based accredited businesses during the tax period were paid solely "for the privilege of membership."

Indeed, BBB was in the best position to provide that information but BBB did not present admissible evidence to create a genuine issue of material fact. BBB did not assign value to its goods or services, let alone attempt to segregate the portion of dues received by its members that covered expenses made for the privilege of membership. Rather, BBB relied on two declarations to show that its existing practices were "virtually identical" to its practices at the time of the 1981 ruling and that the substantive facts had not materially changed since then. These declarations contained conclusory statements and were thus insufficient to create a genuine issue of material fact.

Absent BBB putting forth evidence showing its attempt to segregate these expenses, the DOR may presume that the entire amount of membership dues is taxable. *Auto. Club of Wash.*, 27 Wn. App. at 786-87. BBB has not pointed to any case to support that the DOR bears the burden of proving the value of the dues that are not deductible. Rather, BBB had this burden but did not meet it.

BBB also argues a member's ability to display BBB's seal, the member's rating, and the fact they are an accredited member of BBB does not confer a "significant amount" of goods or services to members. Br. of Appellant at 40. When we construe a statute, we begin by looking to the statute's plain meaning. *Sligar v. Odell*, 156 Wn. App. 720, 727, 233 P.3d 914 (2010). To discern the plain meaning of a word undefined by the statute, we may look to its dictionary definition. *Id.*

Here, "significant amount" of goods or services is undefined by RCW 82.04.4282, so we look to its dictionary definition. "Significant" means "having or likely to have influence or effect : deserving to be considered : IMPORTANT, WEIGHTY, NOTABLE" and "amount" means "the total number or quantity." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 72, 2116 (2002).

BBB contends that the accredited businesses' "ability to display their BBB rating or the fact that it is an accredited member *must* be found to [not] confer a 'significant amount' of benefit," because of the 1981 ruling's import. Br. of Appellant at 41 (emphasis added). But BBB provides no citations to authority in support of its contention that we are bound by a ruling in a prior tax appeal adjudicating a different tax period than at issue here. *DeHeer*, 60 Wn.2d at 126; *see also* RAP 10.3(a)(6).

15

Next, BBB argues that the accredited businesses' ability to advertise their BBB rating does not confer a significant value because it is an ordinary and expected privilege of membership involving the "'free flow of information'" and the "ability to identify oneself as a member of an organization." Br. of Appellant at 43. But BBB's argument is insufficient to defeat summary judgment because BBB does not offer supporting evidence as to how the businesses' ability to advertise their BBB rating is an expenditure of bona fide dues by BBB "'in furtherance of the free flow of information among members.'" *See* CP at 912.

Additionally, BBB asserts that the accredited businesses' ability to use "indicia of membership" cannot possibly carry a significant value warranting a reduction of the deduction under RCW 82.04.4282. Br. of Appellant at 44 n.13. In other words, BBB likens its members' ability to advertise their BBB rating and use BBB's trademarks with "the ability to identify [themselves] as a member of an organization," which it contends is not a significant amount of goods or services. Br. of Appellant at 44. But this comparison alone does not constitute sufficient evidence to create a genuine issue of material fact about whether BBB's goods or services conferred significant value to its members.

As the DOR points out, facts support that there is much value in BBB accreditation and BBB's trademarks, which comes from BBB's recognizability in the marketplace to consumers who, generally, are "more likely to purchase from a company designated as a BBB Accredited Business." CP at 881. Indeed, BBB describes its trademark seal as "a symbol of trust" that accreditation authorizes businesses to display on their websites, business cards, marketing materials, company vehicles, and storefronts. CP at 881. Moreover, BBB appears to offer its members the following services at no additional cost: accreditation, personalized marketing tools

(e.g., intranet access, webinars), co-branding and sponsorship programs, neutral third-party mediation and arbitration, Accredited Business Hotline, exclusive FedEx shipping and business services discount, and "Consumer Use of [Taxpayer].org to search for businesses," among other services. CP at 909.

Even viewing the facts and drawing reasonable inferences in the light most favorable to BBB, the record does not show that BBB presented facts that create a genuine issue of material fact on whether BBB offered goods or services of significant value to its members in exchange for membership dues. BBB also does not show that, as a matter of law, the DOR is not entitled to judgment. Thus, even if a member's ability to advertise the BBB rating and use BBB's trademarks can be characterized as an indicia of membership, BBB nonetheless does not satisfy its burden on summary judgment.

Lastly, BBB argues the DOR admitted a genuine issue of material fact—that a portion of the dues was tax deductible.[3] The DOR does not dispute that BBB's dues may be partially deductible. Furthermore, it is undisputed that at least some of the services BBB offers to its members in exchange for dues require an additional charge to members. In the DOR's tax ruling, it concluded that "some" of BBB's services are "not significant services provided in exchange for the membership fee because they are not services that [BBB's] members would pay a charge for in the marketplace." CP at 912. These tax-deductible services included listing members in BBB's online business directory, populating customer reviews for online business listings, and using the "request a quote feature." CP at 913. Even if these services are tax-

---

[3] BBB does not explicitly argue that a genuine issue of material fact exists, and to the extent that it does, BBB did not challenge the trial court's finding that there were no genuine issues of material fact.

deductible, which we do not decide, the DOR can presume that the entire amount of dues is taxable because BBB did not attempt to segregate the portion of dues that covers expenses "incident to providing the privilege of membership." *Auto. Club of Wash.*, 27 Wn. App. at 786.

BBB did not present any admissible evidence showing that all or a portion of the membership fees it received from Washington-based accredited businesses during the 2017 tax period were paid solely "for the privilege of membership." Therefore, there is no genuine issue of material fact on whether BBB's membership dues were wholly deductible under RCW 82.04.4282, and the DOR was entitled to judgment as a matter of law. Thus, we hold the trial court did not err in granting summary judgment in favor of the DOR.

### III. DISCOVERY

A. *Legal Principles*

We review discovery orders, including the trial court's denial of a motion to compel discovery, for an abuse of discretion. *State v. Johnson & Johnson*, 27 Wn. App. 2d 646, 662, 536 P.3d 204 (2023), *review denied*, 2 Wn.3d 1019 (2024). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons, or is manifestly unreasonable. *Id*.

Under CR 26(b)(1), "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Under CR 34, a party may make a request for production of documents and electronically store information, among other things, within the scope of CR 26(b).

"Returns and tax information are confidential and *privileged*, and except as authorized by this section, neither the department of revenue nor any other person may disclose any return or

18

tax information." RCW 82.32.330(2) (emphasis added). "'Disclose' means to make known to any person in any manner whatever a return or tax information." RCW 82.32.330(1)(a).

RCW 82.32.330(l)(c) provides in part, "Except as provided by RCW 82.32.410, nothing in this chapter requires any person possessing data, material, or documents made confidential and privileged by this section to delete information from such data, material, or documents so as to permit its disclosure."

Under RCW 82.32.330(1)(c)(v), "[D]ata received by, recorded by, prepared by, furnished to, or collected by the department of revenue with respect to the determination of the existence, or possible existence, of liability, or the amount thereof, of a person under the laws of this state for a tax, penalty, interest, fine, forfeiture, or other imposition, or offense" constitutes "tax information" and is therefore not required to be redacted but is wholly exempt from disclosure. *See generally Miller v. Dep't of Revenue*, 27 Wn. App. 2d 415, 428-29, 532 P.3d 187 (2023).

B.      *The Memo Is Wholly Exempt From Disclosure*

BBB argues the memo was discoverable under CR 26 and 34. BBB contends that RCW 82.32.330(l)(c) does not "completely insulate the Department from redacting information so as to permit its disclosure in connection with production obligations *outside* the context of RCW Chapter 82.32."[4] Br. of Appellant at 55. The DOR argues that the memo contains tax information regarding another taxpayer, making the memo privileged and therefore exempt from disclosure. We agree with the DOR.

---

[4] BBB argues for the first time in its reply brief that the redaction clause in RCW 82.32.330(l)(c) and the obligation to disclose discovery under CR 26 and 34 implicates separation of powers concerns. We decline to consider this argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

Under RCW 82.32.330(1)(c)(v), the memo constitutes tax information because it was prepared by the DOR to help determine BBB's tax liability and it contained the tax information of another taxpayer. Though BBB contends that the memo "contains non-privileged materials," under RCW 82.32.330(2), "tax information is confidential and *privileged*." (Emphasis added.) Thus, under RCW 82.32.330(1)(c)(v), the memo does not need to be redacted but is wholly exempt from disclosure.

We hold the trial court did not abuse its discretion when it granted the DOR's protective order and denied BBB's motion to compel discovery of the memo.

## CONCLUSION

Accordingly, we affirm the trial court's grant of the DOR's motions for summary judgment and protective order, and its denial of BBB's motions for partial summary judgment and to compel discovery.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Veljacic, A.C.J.